## CHARLESTON.

T. B. BECKWITH *v.* INDEPENDENT TRANSFER & STORAGE COMPANY *et al.*

(No. 6140)

Submitted January 17, 1928.    Decided January 24, 1928.

PRINCIPAL AND AGENT—*Agent Knowingly Assisting Principal in Converting Third Person's Property is Liable.*

An agent who knowingly assists his principal in converting property of a third person to the use of the principal is per-

sonally liable to the true owner for the loss thereby inflicted upon him.

(Agency, 2 C. J. § 501; Trover and Conversion, 38 Cyc. p. 2056.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Cabell County.

Action by T. B. Beckwith against the Independent Transfer & Storage Company and the Real Estate Securities Company. Judgment for plaintiff as against the Real Estate Securities Company only, and plaintiff brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*W. W. Smith,* for plaintiff in error.
*Perry & Perry,* for defendant in error.

WOODS, JUDGE:

This action was instituted in the circuit court of Cabell county against the Independent Transfer Company and the Real Estate Securities Company to cover damages for an alleged wrongful taking and conversion of four steel girders claimed by the plaintiff. The girders were removed by the transfer company from the property of the plaintiff to that of the securities company, at the latter's request. The general issue was pleaded. The jury found for the plaintiff against the securities company in the sum of $1,205.00, and rendered a separate verdict in favor of the defendant transfer company. The trial court refused to set aside the verdict as to the transfer company, and the plaintiff brings error.

The plaintiff introduced a certain deed from the Washington Theatre Company, bearing date the 18th day of August, 1923, to show his title to the girders. The defense was, in effect, that the securities company had come into possession of the girders through a purchaser at a constable's sale, where the same were sold to satisfy a default judgment taken on the _____ day of July, 1924, against the theatre company. This did not constitute a legal defense, as the securities company was bound to know whether or not its grantor had good

title, especially in the face of notice of plaintiff's claim. The jury, by their verdict against the securities company, recognized the plaintiff's legal right to the converted goods.

Inasmuch as there was a conversion on the part of the securities company, does the fact that the transfer company acted as an agent of the former in removing the goods from the plaintiff's premises constitute a good defense as to said transfer company? The general rule is that an agent who assists his principal in converting property of a third person to the use of the principal is personally liable to the true owner for the loss thereby inflicted upon him. And the cases supporting this doctrine, with but very few exceptions, hold the agent liable even though he was ignorant of his principal's want of authority. 26 R. C. L. 1139; 38 Cyc. 2056, and cases there cited. The evidence is to the effect that the transfer company had three separate notices of plaintiff's claim, the first by the plaintiff in person when its men were preparing to remove the girders; the second by plaintiff's agent, who on a later occasion found them in the act of removing the girders; and the third by plaintiff's agent, at a time when two of the girders still remained on the property. This last notice was in writing and informed the transfer company that plaintiff would enforce his rights regardless of the ''pretended sale'' of the constable. Mr. Job of the transfer company told the plaintiff's agent, according to the latter's testimony, that the Real Estate Securities Company had guaranteed him that it would protect him against any loss which he might sustain by reason of removing the steel, and that he was going ahead and remove it. This same witness stated that one of the employees of the securities company made the assertion that the company had to have that kind of steel any way, that it suited their purposes, and that if they went into the market and bought the steel they would not have to pay any more for it than if the plaintiff recovered from them for the same. Neither of these statements were denied. The fact that the transfer company had notice that the plaintiff claimed a right in the steel girders, which he stated he intended to enforce,

makes it liable jointly with its principal under the defense made. The judgment as to the transfer company must therefore be set aside, and a new trial granted the plaintiff as to it.

*Judgment reversed; verdict set aside; new trial awarded.*